**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **STEPHEN and JULIE COOPER** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **METROPOLITAN LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS** | § | |
| **AND WENDEL SCOTT WOMACK** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY**
**OF TEXAS' NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds") in Cause No. 16-0623-a, pending in the 7th Judicial District Court of Smith County, Texas, files this Notice of Removal from that court to the United States District Court for the Eastern District of Texas, Tyler Division, and respectfully shows:

**I.**
**FACTUAL BACKGROUND**

1.1    On or about May 11, 2015, Stephen Cooper reported a claim to Metropolitan Lloyds for damage arising from the collapse of a concrete masonry unit wall along the back side of his backyard, which resulted in damage to the brick veneer along the retaining wall and the flow of soil from the next-door neighbor's yard into the Coopers' backyard and swimming pool. Mr. Cooper reported that the damage was attributable to a windstorm and possibly a tornado on May 10, 2015.

1.2     Metropolitan   Lloyds   retained   independent   adjuster   Wendell   Scott   Womack ("Womack") to perform an inspection of the property on May 12, 2015 and take photos of the condition of the loss.  As evidenced by Womack's  numerous photos, there was no apparent wind damage to the house or to the canopy and furniture in the backyard.  *See* Photos, attached as Exhibit 8.  In addition, the wooden fence was still standing upright, it did not appear to be missing any vertical fence pickets, it did not appear to exhibit any signs of separation between the horizontal fence rails, and it remained attached to its vertical posts which were still embedded in their concrete piers.   *See* Photos, attached as Exhibit "8."   The photos also clearly demonstrated that lower concrete masonry retaining wall and decorative brick veneer at the base of the fence in the Cooper's backyard had collapsed in places due to earth movement and the flow of surface water and water beneath the soil below and behind the wall.  *Id.*  Soil ran from an elevated portion of the neighbor's yard into the Plaintiffs' yard, thereby causing damage to wall below their fence and allowing mud to flood their pool and damage it.  *Id.*  After conducting the initial inspection of the property, Womack submitted his photos and observations of the damage to Metropolitan Lloyds, and he did not have any further involvement in the claim or contact with Plaintiffs.

1.3     After reviewing the photos submitted by Womack, it was obvious that the wall had collapsed due to ongoing heavy rains which had caused the soil behind and beneath the wall to shift and to flood into the backyard and pool.  Metropolitan Lloyds evaluated the coverage provided by Plaintiffs' insurance policy, and on May 15, 2015, Metropolitan Lloyds sent a letter to Stephen and Julie Cooper, explaining that the claimed damages were not covered under the policy because the policy exclusions expressly exclude any loss caused directly or indirectly by "Earth Movement" or "Water Damage" regardless of any other cause or event contributing

concurrently or in any sequence to the loss.  *See*  May 15, 2015 letter, attached as Exhibit "9;" *see also* Policy, attached as Exhibit 13.  Womack did not author the denial letter, nor did Womack make any representations to Plaintiffs about coverage under the policy issued by Metropolitan Lloyds.

1.4     Subsequently, Plaintiffs requested that the claim be reconsidered, and they submitted a two-paragraph letter dated May 31, 2015 from Alan Urieta of J&S Contractors who alleged that the damage was the "result of strong winds that occurred" by "weakening the retaining wall's pressure in the ground that eventually caused it to give in with the water pressure rushing through from the hill-like neighboring property."[1]   Exhibit "10."  Thus, Plaintiffs' own representative admitted the damage to the wall and pool was caused at least in part by surface water pressure which led to earth movement.  As previously explained by Metropolitan Lloyds in its May 15, 2015 denial letter, the policy includes an "anti-concurrent causation clause" which excludes any damages which would not have happened in the absence of surface water or earth movement, regardless of whether wind acted in any sequence with the water damage or earth movement to produce or contribute to the loss.  Thus, Urieta's admission – that the rush of surface water and movement at the ground had caused the claimed damages – confirmed that Metropolitan Lloyds' coverage position was correct.   Accordingly, on June 16, 2015, Metropolitan Lloyds again advised that the loss was expressly excluded by the "Earth Movement" and "Water Damage" exclusions.  *See`* June 16, 2015 letter, attached as Exhibit "11."

1.5     On July 21, 2015, Plaintiffs' counsel provided a letter of representation, and on September 17, 2015, submitted a demand letter complaining, in part, that Metropolitan Lloyds

---

[1] Despite Plaintiffs' characterization that they "retained the services of an engineer," there is no evidence Urieta is licensed as an engineer.  *See* Petition at p. 3.

had not sent an engineer to investigate the loss.  After receiving the demand letter, Metropolitan

Lloyds retained Garrett Ryan, P.E. of Paragon Structural Engineering (Paragon), an independent

licensed professional engineer, to re-inspect the property.  On October 27, 2015, Ryan inspected

the property, and subsequently, he also reviewed relevant weather data and prepared a report of

his conclusions regarding the cause of the loss.  Based on Ryan's re-inspection and review of the

other relevant data, Paragon concluded that there was no evidence to support the conclusion that

wind forces had caused the wall to fail, and instead, he also concluded that the wall fell due to an

increase in soil (earth) and/or hydrostatic (water) pressure on the east side of the retaining wall

from a relatively large volume of rainfall and surficial water run-off during the reported storm

event.[2]  After receiving Ryan's report, Metropolitan Lloyds provided it to Plaintiffs' counsel and

advised as it had previously explained in its prior two letters to Plaintiffs that the claimed

damages were excluded under the terms of the policy.  Exhibit "12."

      1.6     On March 22, 2016, Plaintiffs filed their Original Petition in the matter styled

*Stephen and Julie Cooper v. Metropolitan Lloyds Insurance Company of Texas and Wendel Scott*

*Womack*, Cause No. 16-0623-A, in the 7th Judicial District Court of Smith County, Texas, in

which Plaintiffs assert Defendants wrongfully denied Plaintiffs' claims for damages to their

home and other property under a homeowners insurance policy issued by Defendant

Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds") arising from alleged

damage to their home and other property caused by a storm that struck the Tyler, Texas area.  In

an obvious effort to destroy diversity jurisdiction in a coverage dispute between Plaintiffs and

Metropolitan Lloyds, Plaintiffs have sued Womack, whose only involvement in this claim was to

photograph the loss condition two days after the reported date of loss and report his observations

---

[2] Interestingly, at the time of Garrett's reinspection, an improved retaining wall was being constructed along the
neighbors' property to prevent soil from continuing to wash into Plaintiffs' yard during rainstorms.

to Metropolitan Lloyds.  Incredibly, despite the fact that Plaintiffs' own representative, Urieta, effectively has admitted facts that confirm there is no coverage for the claimed damages, Plaintiffs allege that Womack somehow violated the Texas Insurance Code, Texas Deceptive Trade Practices Act, and committed fraud merely inspecting the loss and taking photos of the damage which were then provided to Metropolitan Lloyds for its consideration of coverage.

1.7     Plaintiffs served the registered agent for Metropolitan Lloyds with the citation and Plaintiffs' Original Petition, Request for Disclosures, Jury Demand and Notice of Rule 193.7, First Request for Production and First Set of Interrogatories on March 24, 2016.  Plaintiffs served Wendel Scott Womack with process on or about March 23, 2016.

1.8     Defendant Metropolitan Lloyds files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b) and with the consent of Defendant Womack. In addition, this Notice of Removal is being filed within one year of the commencement of this action.

1.9     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

1.10    As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "1" is the Index of State Court Documents.  A copy of the Smith District Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

NOTICE OF REMOVAL – Page 5
2398884v1
04111.040

A.      THE CORRECT PARTIES ARE OF DIVERSE CITIZENSHIP

2.2      Upon information and belief, and as plead in their Original Petition, Plaintiffs Stephen and Julie Cooper are, and were at the time the lawsuit was filed, residents of the State of Texas. *See* Plaintiffs' Original Petition at p.1.

2.3      Metropolitan Lloyds is, and was at the time this lawsuit was filed, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Rhode Island and Wisconsin and are not residents or citizens of Texas.  Metropolitan Lloyds is therefore not a citizen of the State of Texas for diversity purposes.

2.4      Defendant Womack is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the claims against Womack, however, it is Metropolitan Lloyd's position that he has been improperly joined in this action.  Therefore, as explained below, the Texas citizenship of Womack should be disregarded for the purposes of evaluating diversity in this matter.

B.      WOMACK WAS IMPROPERLY JOINED AND HE SHOULD BE DISMISSED

2.5      The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  *Smallwood*, 385, F.3d at 572.

2.6      Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.

2.7     To assess "whether a plaintiff has a reasonable basis of recovery under state law," the court may conduct a test using a [Fed. R. Civ. P.] 12(b)(6)-type analysis of the state court petition to determine whether the plaintiff states a claim, or by using a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *See id.*  Under a Rule 12(b)(6)-type analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).  The United States Supreme Court has emphasized that a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," such as Plaintiffs' Original Petition, is not sufficient and must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Further, factual allegations in a petition must state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 565 (2007).  Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct. *See id.*

2.8     Furthermore, in conducting a 12(b)(6)-type analysis of Plaintiffs' Texas state court petition to determine if a plausible claim against an individual adjuster had been stated at

the time of removal, the Texas state "fair notice" pleading standard should also be considered in the context of Rule 91a of the Texas Rules of Civil Procedure, which is akin to Federal Rule of Civil Procedure 12(b)(6).[3]  *See Conrad v. SIB Mortgage Corp.*, No. 4:14-CV-915-A, 2014 WL 6058234, at *2 (N.D. Tex. Nov. 13, 2014) ("The court recognizes that the Texas fair notice standard must be considered in context with Rule 91a of the Texas Rules of Civil Procedure"); *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, No. 3:14-CV-326-L, 2014 WL 4055356, at *4 (N.D. Tex. Aug. 14, 2014) (when denying the plaintiff's motion to remand because of the plaintiff's failure to state a claim against the non-diverse adjuster defendant, the court examined the allegations of the plaintiff's amended petition in the context of Rule 91a and concluded the adjuster was improperly joined); *Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *9 (N.D. Tex. Aug. 5, 2014) (noting the applicable Texas "fair notice" pleading standard as informed by the new Rule 91a).[4]  Although the difference in evaluating fair notice in the context of Rule 91a may be only slightly different than the analysis of fair notice before the Texas Legislature's adoption of Rule 91a, the change permits a court to consider whether "no reasonable person could believe the facts pleaded." *Id; see* also TEX. R. CIV. P. 91a ("[a] cause of action has no basis in fact if no reasonable person could believe the facts pleaded").  Thus, in this matter, when considering the issue of fair notice in the context of Rule 91a, it is appropriate for the court to consider whether any reasonable person could believe

---

[3] While some courts in the Northern District have concluded that the adoption of Rule 91a allows federal courts to apply the more rigorous federal pleading standard in deciding the sufficiency of the allegations against a non-diverse defendant alleged to have been improperly joined, the majority of courts considering the issue of how the Texas state court pleading standard has been affected by Rule 91a have concluded only that the "[f]air notice [pleading standard] must now be judged in the context of Rule 91a." *See, e.g. Bart Turner & Associates v. Krenke*, 2014 WL 1315896, *at *5* (N.D.Tex. Mar.31, 2014) (Lindsay, J.).

[4] On March 1, 2013, Rule 91a of the Texas Rules of Civil Procedure went into effect, providing: "[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded."

certain factual allegations asserted against Womack in determining whether he has been improperly joined.

2.9     Finally, in limited circumstances, when considering the issue of improper joinder when conducting its 12(b)(6)-type analysis, the Court may also conduct a summary inquiry into discrete and undisputed facts that would preclude a plaintiff's recovery against an in-state defendant.[5] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) ("[w]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.").

2.10     Plaintiffs fail to articulate how the conduct of Womack – the independent adjuster who merely inspected Plaintiffs' home and photographed the condition of the property during his inspection – constitutes a plausible cause of action against him.   All Womack did was take pictures of the condition of the loss two days after the reported date of loss and provide his observations and photographs to Metropolitan Lloyds.   Moreover, the undisputed evidence clearly shows that Metropolitan Lloyds, not Womack, communicated Metropolitan Lloyds' coverage decision and relevant policy provisions to Plaintiffs.

2.11     Plaintiffs have taken great liberties with their pleadings in an effort to manufacture a cause of action against Womack based on his inspection of the property because they want to prevent Metropolitan Lloyds from exercising its legal right to federal diversity jurisdiction.   The Court should reject these efforts and the meritless allegations against Womack because no reasonable person could believe that Womack violated the Texas Insurance Code or Deceptive Trade Practices Act, much less that he somehow committed fraud, merely by

---

[5] Accordingly, it is appropriate for the Court to consider certain undisputed facts contained within Exhibits 8, 9, 10, 11, 12, and 13 that demonstrate Plaintiffs are unable to recover against Womack.

photographing the unmistakable evidence of surface water and earth movement damage and providing his photographs to Metropolitan Lloyds.

2.12     Clearly, Plaintiffs complain that Metropolitan Lloyds improperly denied their claim.  Despite the fact that Womack did not communicate any claim decision or cite any policy language to Plaintiffs (as clearly reflected by the multiple letters sent by Metropolitan Lloyds), Plaintiffs make generic and global allegations about the undifferentiated conduct of "Defendants" in Plaintiffs' Original Petition in an effort to tie Womack to Metropolitan Lloyds' coverage decision and destroy diversity of citizenship among the Plaintiffs and Defendants. Nevertheless, such generic global allegations regarding the conduct of "Defendants" or "Met Lloyds and/or Womack" are not sufficient to provide fair notice to Womack of a plausible claim against him under the applicable pleading standards.  *See* Original Petition attached hereto as Exhibit 2 at pp. 7-8.   "Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."  *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4).

2.13     Furthermore, by examining the record of discrete and undisputed facts in this claim, and in particular the series of communications between Plaintiffs and Metropolitan Lloyds, it is also clear that Plaintiffs' more specific allegations that "Womack was charged with communicating with Plaintiffs about policy terms" is false.  *See* Exhibits 9, 10, 11, and Petition at ¶ 5.4.  No reasonable person could believe such an allegation in light of the evidence that Womack had no interaction with Plaintiffs after the initial inspection and only Metropolitan Lloyds, not Womack,

communicated the coverage decisions and applicable policy language to Plaintiffs.[6]  *See also One Way Investments, Inc. v. Century Surety Company, et al.*, NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014).   Likewise, Plaintiffs' allegation that Womack ignored alleged facts regarding a neighbors' claim is both hard to believe considering Womack inspected the property two days after the loss, and also totally irrelevant with regard to any causes of action available to Plaintiffs. Therefore, such allegations cannot provide fair notice of any valid cause of action against Womack. Accordingly, the Court should give no effect to Plaintiffs' generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Womack and do not support his joinder as a defendant in this case.

2.14    Moreover, Plaintiffs' fraud and misrepresentation claims against Womack also fail because they fail to satisfy the requirements of Federal Rule 9(b).  Fed. R. Civ. P. 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Thus, allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp.2d 821, 824 (N.D. Tex. 2001) (citing *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 521 (5th Cir.1993)).  "[A]lthough the language of Rule 9(b) confines its requirements to claims of fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp.2d 734, 742 (S.D. Tex. 1998) (citing *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276, 283 (D.Del.1993) (citations

---

[6] In limited circumstances, when considering the issue of improper joinder when conducting its 12(b)(6)-type analysis, the Court may conduct a summary inquiry into discrete and undisputed facts that would preclude a plaintiff's recovery against an in-state defendant.  *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 574 (5th Cir. 2004).

omitted)); *see also Frota v. Prudential-Bache Securities, Inc.,* 639 F. Supp. 1186, 1193 (S.D.N.Y.1986) ("Rule 9(b) extends to all averments of fraud, whatever may be the theory of legal duty-statutory, common law, tort contractual, or fiduciary."). Specifically, "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Id* at 742*; see also Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177-178 (5th Cir.1997). Accordingly, Plaintiffs' fraud claims against Womack, as well as any claims for knowing misrepresentations against all Defendants, must be plead with particularity under Rule 9(b). Plaintiffs, however, have failed to plead these allegations, all of which are subject to Rule 9(b), with sufficient particularity. For this additional reason, Womack has been improperly joined, and the Court should disregard his Texas citizenship and maintain jurisdiction over this matter for this additional reason.

2.15    For these reasons, Womack has been improperly joined. Therefore, because Plaintiffs are citizens of Texas, Metropolitan Lloyds is a citizen of Rhode Island and Wisconsin, complete diversity of citizenship exists among the proper parties.

### C.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.16    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiffs' Original Petition in which Plaintiffs expressly allege that the monetary relief sought in this suit is "over $200,000.00 but not more than $1,000,000." *See* Original Petition at page 2. This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Metropolitan Lloyds was served with Plaintiffs' Original Petition and process on March 24, 2016.  Defendant Wendel Scott Womack was served with Plaintiffs' Original Petition and process on March 23, 2016.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Smith County District Court, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "2" is a copy of the Docket Sheet of the case pending in 7th Judicial District Court of Smith County, Texas.

4.2A    Attached hereto as Exhibit "2" is a copy of Plaintiffs' Original Petition, Request for Disclosures, Jury Demand and Notice of Rule 193.7, First Request for Production and First Set of Interrogatories.

4.2B    Attached hereto as Exhibit "2" is a copy of the Citation by Mailing issued to Defendant, Metropolitan Lloyds Insurance Company of Texas.

4.2C    Attached hereto as Exhibit "2" is a copy of the Citation by Mailing issued to Defendant, Wendel Scott Womack.

4.2D    Attached hereto as Exhibit "2" is a copy of Defendant Metropolitan Lloyds' Original Answer.

4.3     Attached hereto as Exhibit "3" is a copy of the Memorandum Opinion and Order in case styled *Jose Plascencia v. State Farm Lloyds and Feliciano Gallegos*.

4.4     Attached hereto as Exhibit "4" is a copy of the Memorandum Opinion and Order in case styled *One Way Investment, Inc. v. Century Surety Company, et al.*

4.5     Attached hereto as Exhibit "5" is a copy of the Case Information Sheet.

4.6     Attached hereto as Exhibit "6" is a copy of the List of Counsel.

4.7     Attached hereto as Exhibit "7" is a copy of Wendel Scott Womack's Consent to Removal.

4.8     Attached hereto as Exhibit "8" is a copy Photos taken May 12, 2015.

4.9     Attached hereto as Exhibit "9" is a copy of Metropolitan Lloyds' letter dated May 15, 2015.

4.10    Attached hereto as Exhibit "10" is copy of J&S Contractors' letter dated May 31, 2015.

2398884v1
04111.040

4.11    Attached hereto as Exhibit "11" is a copy of Metropolitan Lloyds' letter dated June 16, 2015.

4.12    Attached hereto as Exhibit "12" is a copy of report prepared by Garrett T. Ryan, P.E.

4.13    Attached hereto as Exhibit "13" is a copy of Plaintiffs' Metropolitan Lloyds' policy.

## V.
## CONCLUSION

5.1    Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, Metropolitan Lloyds Insurance Company of Texas hereby remove this case to this court for trial and determination.

Respectfully submitted,

/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
METROPOLITAN LLOYDS
INSURANCE COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I served the following document on counsel via electronic notice and/or certified mail, return receipt requested:

R. James Amaro
Donivan Flowers
Kara L. Kellogg
THE AMARO LAW FIRM.
2500 E TC Jester Boulevard, Suite 525
Houston, Texas 77008
Telephone:  (713) 864-1941
Facsimile:  (713) 864-1942
Email:  fax@amarolawfirm.com
***Attorneys for Plaintiffs***

  /s/Daniel P. Buechler
Daniel P. Buechler