CIVIL DOCKET – CAUSE NO.  16-0623-A          7th District Court

STYLE: Stephen Cooper, Julie Cooper Vs. Metropolitan Lloyds Insurance Company Of Texas, Wendel Scott Womack

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|
| Stephen Cooper<br>Julie Cooper<br>*PLAINTIFF*<br><br>VS<br><br>Metropolitan Lloyds Insurance Company Of Texas<br>Wendel Scott Womack<br>*RESPONDENT* | R. James Amaro<br>2500 E TC Jester Blvd Ste 525<br>Houston Tx  77008<br>713-864-1941 | Civil Case - Other | 03/22/2016 |
| | | | JURY FEE<br><br>$ |
| | | | PAID BY<br><br>DATE |

| DATE OF ORDERS | | | ORDERS OF THE COURT |
|---|---|---|---|
| Month | Day | Year | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CERTIFIED TO BE A TRUE AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

tabbies®

EXHIBIT
2

Electronically Filed
3/22/2016 10:42:33 AM
Lois Rogers, Smith County District Clerk
Reviewed By: Mary Pyle

CAUSE NO. 16-0623-A

| | | |
|---|---|---|
| STEPHEN and JULIE COOPER | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | SMITH COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| and WENDEL SCOTT WOMACK | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7, FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES

COMES NOW, STEPHEN and JULIE COOPER, Plaintiffs in the above-styled and numbered cause of action, complaining of Defendants, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and WENDEL SCOTT WOMACK ("Defendants") and file this, their Original Petition, Request for Disclosures, Jury Demand and Notice of Rule 193.7, First Request for Production and First Set of Interrogatories, and in support thereof would show unto this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.1     Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.3 because this suit involves monetary relief aggregating more than $50,000.

### II.   PARTIES

2.1     Plaintiff, Stephen Cooper, is an individual who currently resides in Smith County, Texas.

2.2     Plaintiff, Julie Cooper, is an individual who currently resides in Smith County, Texas.

2.3     Defendant Metropolitan Lloyds Insurance Company of Texas ("Met Lloyds") is an insurance company engaged in the business of insurance in Texas. This Defendant may be

PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, RULE 193.7 NOTICE, RFP's & ROGS



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

served with process pursuant to TRCP 106(a)(1) by delivering to the Defendant in person, and/or (2) mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition by serving its registered agent for service: **CT Corporation, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.**

2.4    Defendant Wendel Scott Womack ("Womack") is an individual resident of Smith County, Texas and by delivering to the Defendant in person, and/or (2) mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition at his home address: **321 Rita, Dr., Lindale, Texas 75771.**

### III.    JURISDICTION AND VENUE

3.1    This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs hereby affirmatively pleads he seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

3.2    Venue is proper in Smith County, Texas because all or a substantial amount of the events which give rise to this lawsuit occurred in Smith County.

3.3    All conditions precedent have occurred.

### IV.    FACTS

4.1    On May 10 2015, Plaintiffs owned certain real property with improvements located at 4022 New Copeland Road, Tyler, Texas 75702 ("Property"), which was insured by policy number 376560538-0 ("Policy") issued by Defendant Met Lloyds.  On May 10, 2015, a massive storm passed over the city of Tyler, Texas, causing high winds and tornados, in and around Tyler, Texas.  Notably, East Texans will recall that this is the same day of the horrific tornado that struck Van, Texas.  However, the high winds and tornadic activity were not limited

---

PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, RULE 193.7 NOTICE, RFP'S & ROGS



CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

to only Van, Texas, as all of East Texas endured severe thunderstorm activities and high winds. The high wind and/or a tornado caused severe damage to Plaintiffs' Property—including their fence and roof.

4.2     After the storm, on May 11, 2015, Plaintiffs made a claim **(Claim No. JDF16837)** and demanded payment from Defendant Met Lloyds for damages to the property and other damages covered by the terms of the Policy ("the Claim").

4.3     Defendant Met Life Lloyds assigned its employee and/or agent, Defendant Womack, to investigate Plaintiffs' Claim.   After an agent of Defendant Met Lloyds inspected Plaintiffs' Property, the insurance company refused to tender payment for full damages owed to Plaintiffs under the Policy by claiming the damages were not caused by a covered loss, in this case, windstorm damage.   Plaintiffs retained the services of an engineer to establish for Defendant Met Lloyds that the damages sustained were caused by the high wind, a covered loss. Instead of hiring its own engineer, Met Lloyds and its adjuster (Defendant Womack) simply restated its denial under the Policy.   Met Lloyds investigation was outcome-oriented and its failure to retain an engineer to investigate the claim conclusively shows that Defendants failed to properly investigate this claim.

4.4     All Defendants failed to comply with the Policy, the Texas Insurance Code, and Texas Law in handling Plaintiffs' claim.   Further, Defendant Met Lloyds has refused to pay all the amounts due and owing under the Policy for the Claim.

4.5     Plaintiffs have complied with any and all of Plaintiffs' obligations under the Policy.

---

PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, RULE 193.7 NOTICE, RFP's & ROGS



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

## V.   CAUSES OF ACTION

**A.   BREACH OF CONTRACT: DEFENDANT MET LLOYDS**

5.1     The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant Met Lloyds.  Defendant Met Lloyds breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant Met Lloyds breach proximately caused Plaintiffs' injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived and/or otherwise satisfied by Plaintiffs.

**B.   UNFAIR SETTLEMENT PRACTICES: DEFENDANT MET LLOYDS & DEFENDANT WOMACK**

5.2     Defendants violated TEX. INS. CODE.§541.060(a) by engaging in Unfair Settlement Practices.  Defendant Met Lloyds has engaged in the following acts and/or omissions:

a)  Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue;

b)  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant Met Lloyds liability under the Policy was reasonably clear;

c)  Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law for Defendant Met Lloyds denial of the Claim or offer of a compromise settlement of the Claim;

d)  Failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs or to submit a reservation of rights to Plaintiffs (TEX. INS. CODE. § 541.060(4)); and/or

e)  Refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the Claim.

5.3     Each of the foregoing unfair settlement practices were completed knowingly by Defendant Met Lloyds and were a producing cause of Plaintiffs' injuries and damages.

5.4     Defendant Womack was the Adjuster assigned by Defendant Met Lloyds to adjust Plaintiffs' Claim and was charged with investigating the Claim and communicating with



CERTIFIED TO BE A TRUE AND CORRECT COPY
FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

Plaintiffs about policy terms.  Defendant Womack was an employee and/or agent of Defendant Met Lloyds.

5.5    Insurance adjusters are "persons engaged in the business of Insurance" under the TEXAS INSURANCE CODE §541.001, ET SEQ., and are individually liable for their individual violations of the Texas Insurance Code.  *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998).  Defendant Met Lloyds and/or Defendant Womack conducted and/or supervised an inspection of the Property.  During that inspection, Defendants were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including fully quantifying the damage done to Plaintiffs' home and Plaintiffs' personal property.

5.6    Subsequent to the inspection, Defendants Met Lloyds and/or Defendant Womack issued a damage estimate that failed to fully quantify and explain the damage done to the structures located on the Property, thus demonstrating that they did not conduct a thorough and fair investigation of the premises.  Defendant Womack attributed the damage to the pool, wooden fence and the decorative fence were caused by water damage and/or earth movement, both of which may be excluded events under the Plaintiffs' Policy.  Defendant Womack chose to ignore that the Plaintiffs' next neighbor's wind damage claim for their playhouse, which was adjacent to Plaintiffs' fence, was covered by their insurance company (Traveler's).  In fact, at least one of the shingles was embedded in Plaintiffs' fence indicating the significantly high wind speeds and wind damage caused in the area. Rather than employ the services of an engineer to fully investigate the cause of this windstorm damage, Defendants simply found exclusionary language by which it intended to deny this Claim. Defendants failed to fairly evaluate and adjust Plaintiffs' Claim as they are obligated to do under the terms of the Policy and Texas law.  By

PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, RULE 193.7 NOTICE, RFP's & ROGS


CERTIFIED TO BE A TRUE AND CORRECT COPY
FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

failing to properly investigate the Claim and by issuing a full denial of coverage, Defendants Met

Lloyds and Defendant Womack engaged in unfair settlement practices by misrepresenting

material facts to Plaintiffs, such as the true cause of Plaintiffs' loss.  Defendant Met Lloyds and

Defendant Womack also failed to provide Plaintiffs a reasonable explanation as to why

Defendants were not compensating Plaintiffs' covered losses.

     5.7    In summary, Defendant Womack, individually, engaged in Unfair Settlement

Practices by:

    a) Misrepresenting to Plaintiffs material facts or policy provisions relating to the coverage at issue;

    b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant Met Lloyds liability under the Policy was reasonably clear;

    c) Failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law for Defendant Met Lloyds' denial of the Claim or offer of a compromise settlement of the Claim; and/or

    d) Failing to conduct a reasonable investigation of Plaintiffs' Claim.

     5.8    Each of the foregoing unfair settlement practices were completed knowingly by

Defendant Womack and were a producing cause of Plaintiffs' injuries and damages.

**C.**    **PROMPT PAYMENT OF CLAIMS: DEFENDANT MET LLOYDS**

     5.9    The Claim is a claim under an insurance policy with Defendant Met Lloyds of

which Plaintiffs gave Defendant Met Lloyds proper notice.  Defendant Met Lloyds is liable for

the Claim.  Defendant Met Lloyds violated the prompt payment of claims provisions of TEX.

INS. CODE §542.051, et seq. by:

    a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant Met Lloyds reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

---



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

b) Delaying payment of the Claim following Defendant Met Lloyds' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

c) Failing to include damage and payment in its inspection of the Property, which Defendant Met Lloyds and/or its agents included in the first inspection and assessment of the property.

**D.   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING / BAD FAITH**

5.10    Defendant Met Lloyds breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant Met Lloyds knew or should have known that liability was reasonably clear.  Defendant Met Lloyds' conduct proximately caused Plaintiffs' injuries and damages.

**E.   VIOLATIONS OF THE DTPA: DEFENDANT MET LLOYDS, DEFENDANT WOMACK**

5.11    Defendants' conduct violated the TEXAS DECEPTIVE TRADE PRACTICES ACT, TEX. BUS. & COM. CODE § 17.41, ET SEQ. ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and practices."  Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

5.12    Defendants committed numerous violations of the D.T.P.A., insofar as Defendants:

a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d) Generally engaged in unconscionable courses of action while handling the Claim; and

e) Violated the provisions of the Texas Insurance Code described herein.



CERTIFIED TO BE A TRUE AND **PAGE 7** COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

5.13    Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiffs' detriment.  Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.  As a result of the Defendants' violations of the D.T.P.A., Plaintiffs suffered actual damages.  Defendants committed the above acts knowingly and intentionally. Accordingly, Plaintiffs are entitled to three times Plaintiffs' actual damages.

**F.    COMMON LAW FRAUD: DEFENDANT MET LLOYDS, DEFENDANT WOMACK**

5.14    Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. Defendants allowed Plaintiffs to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.  Plaintiffs relied upon said statements in accepting the denial and/or underpayment for the Claim and suffered injury as a result.

### VI.    KNOWLEDGE

6.1    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and by the Texas Deceptive Trade Practices Act and was a producing cause of the damages described herein.

6.2    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs, Plaintiffs have sustained significant damages.

### VII.    DAMAGES

7.1    Upon the trial of this case, it shall be shown Plaintiffs were caused damages as a result of Defendants' conduct.  Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future.  There are certain



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for the injuries, damages, and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, court costs, attorney's fees, treble damages, statutory interest, mental anguish damages, and exemplary damages.

## VIII. JURY DEMAND

8.1     Plaintiffs request a jury trial, and herewith tenders a jury fee.

## IX. RULE 193.7 NOTICE

9.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives actual notice to all Defendants that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## X. REQUEST FOR DISCLOSURE

10.1     Pursuant to Rule 194, request is made that each Defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendants must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XI. INSTRUCTIONS & DEFINITION FOR PLAINTIFFS' REQUESTS FOR PRODUCTION, INTERROGATORIES, AND REQUEST FOR ADMISSION

### A.     Instructions


CERTIFIED... A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

11.1   Answer each request for documents separately by listing the documents and by describing them as defined below.  If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

11.2   For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.    When identifying the document, you must state the following:

        (1)    The nature of the document (*e.g.*, letter, handwritten note).

        (2)    The title or heading that appears on the document.

        (3)    The date of the document and the date of each addendum, supplement, or other addition or change.

        (4)    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.    When identifying the person, you must state the following:

        (1)    The full name.
        (2)    The present or last known residential address and residential telephone number.
        (3)    The present or last known office address and office telephone number.
        (4)    The present occupation, job title, employer, and employer's address.

11.3   <u>PRIVILEGE LOG:</u>  Pursuant to Rule of Civil Procedure 193.3, if information or material is being withheld under claims of privilege the party must state in the response (1)


A CERTIFIED A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

information or material responsive to the request that has been withheld; (2) the request to which the information or material relates; and (3) the privilege or privileges asserted.

11.4   For each interrogatory answered, please state the person answering the interrogatory and also identify any person providing information on which the answer is based.

11.5   For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### B.   Definitions

11.6   The following definitions shall have the following meanings, unless the context requires otherwise:

    a.    Unless indicated otherwise, the terms "you" or "your" means Defendant Met Lloyds and Defendant Womack and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or his successors, predecessors, divisions, and subsidiaries.

    c.    "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

    d.    "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

    e.    "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

    f.    "Storm, Windstorm and/or Tornado" refers to the storm which damaged Plaintiffs' property on **5/10/15.**


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

g.   As used herein, the terms "referring" and "relating to" (or any form thereof) mean constituting, reflecting, respecting, mentioning, describing, pertaining to, connected with, supporting, contradicting, stating, recording, noting, embodying, containing, studying, analyzing, discussing, regarding or evaluating.

h.   As used herein, the term "identify" means, when used in reference to a natural person, his: (a) full name; (b) home address and telephone number; (c) business address and telephone number; (d) present or last known position, business affiliation and job description; and (e) business position at the time of the transaction covered by the interrogatory answer.

i.   The term "document" shall mean all writings and means of communication of any kind, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise.  The term "document" shall include without limitation, letters, correspondence, memoranda, notes, diaries, statistics, telegrams, minutes, expert reports, studies, texts, statements, receipts, returns, summaries, pamphlets, books, booklets, periodicals, prospectuses, interoffice and/or intraoffice communications, offers, acceptances, approvals, notations, recordings, transcripts of any sort of conversations, telephone calls, meeting or other communications, bulletins, printed matters, computer printouts, teletypes, telefaxes, invoices, work sheets, counterparts, appointment books, charts, graphs, indices, data sheets, data processing cards, data processing tapes, ledgers, financial statements, notes or memoranda of understandings, agreements, working papers, instructions, checks, financial instruments or statements and documents reflecting financing and any and all drafts, alterations, modifications, changes and amendments of any of the foregoing categories of documents.  In addition, the term "document" shall mean graphic or aural records and oral presentations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, computer tapes, computer diskettes or computer cards and any electronic, mechanical or electric recordings of any kind, including without limitation, tapes, cassettes, films, discs, recordings and transcriptions of any audio, video or other recordings.

j.   As used herein, the term "identity" means, when used in reference to a document means:

   (1)   its description (e.g., letter memorandum, report, etc.);
   (2)   its date (if no date appears on the document, then the date of its preparation);
   (3)   the number of pages;
   (4)   its subject matter;
   (5)   the number and subject matter of attachments, if any;


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

    (6)    the identity of its author, signor or any person who participated in the preparation;

    (7)    the identity of its addressee or recipient;

    (8)    the identity of each person to whom copies were sent and each person by whom copies were received;

    (9)    its present location; and

    (10)   the identity of its custodians.  (If any such document was, but is no longer, in your possession or control, state what disposition was made on it and when.)

k.    As used herein, the term "Property" means the property located at 4022 New Copeland Road, Tyler Texas

l.    As used herein, the term "Claim" means Claim No. JD16837, filed by Plaintiffs after the Hail Storm which caused damage to their Property.

11.7    These Definitions and Instructions are incorporated by reference herein and are applicable to each of the discovery requests propounded herewith.

## XII.   PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT MET LLOYDS

1.    Produce a complete and unpredicted copy of Plaintiffs' insurance policy.

2.    Produce the entire claims investigation file generated and maintained by you for the Claim.

3.    Produce all documents which refer or relate to the Claim.

4.    Produce all documents showing the date upon which you first received notice of the Claim.

5.    Produce all written notices of the Claim received by you.

6.    Produce all documents showing the date you first acknowledged receipt of Plaintiffs' notice of the Claim.

7.    Produce all documents wherein you acknowledged receipt of notice of the Claim.

8.    Produce all documents showing the date you first notified Plaintiffs in writing of the acceptance or rejection of the Claim, or your inability to accept or reject the Claim.

9.    If you contend you first notified Plaintiffs of your inability to accept or reject the Claim within thirty business days from the date you first received notice of the Claim, then please produce all documents showing the date you provided Plaintiffs such notice.



CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

10. Produce all documents supporting any contention by you that Plaintiffs did not provide any Defendant in this lawsuit with information requested by any defendant to evaluate the Claim.

11. Produce all documents that are, or evidence every payment made by you to Plaintiffs for the Claim.

12. Produce all documents that describe the coverage under which any payments for the Claim made by you to Plaintiffs were made (i.e., structural damages, appurtenant structural damage, contents/personal property, additional living expenses, or other coverage).

13. Produce all documents showing what you believe is a fair value of Plaintiffs' Claim.

14. Produce all documents that describe what you did to investigate the Claim.

15. Produce all documents supporting any contention by you that Plaintiffs failed to comply with any condition precedent to Plaintiffs' recovery for the Claim.

16. Produce all documents supporting any contention by you that the Claim is excluded from coverage for any reason.

17. Produce all documents showing the date you first anticipated that litigation relating to the claim would be commenced against you by Plaintiffs.

18. Produce all communications and documents exchanged between you and Plaintiffs regarding the Claim.

19. Produce all communications and documents exchanged between you and any third-party regarding the Claim.

20. Produce all communications and documents exchanged between you and any other Defendant(s) regarding the Claim.

21. Produce any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate the Claim, prepared by you or on your behalf.

22. Produce all documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by you relating to inspections of the Property.

23. Produce all photographs, diagrams, drawings, or other graphic depictions of the Property or anything else related to the Claim.

24. Produce all reports and other documents from governmental agencies or offices regarding the Property or containing officially kept information regarding the Property.

25. Produce any and all documents reflecting or relating to your decision to pay or deny



CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

additional living expenses to or on behalf of Plaintiffs.

26. Produce any and all documents, policies, procedures, or other written documents used by or to determine whether or not damage to a roof is cosmetic.

27. Produce any and all documents, policies, procedures, or other written documents used by or to determine whether or not damage to a roof is caused by hail.

28. Produce the entire claim file, including all electronic logs.

## XIII.  PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. Please specifically identify the names, addresses and phone numbers of any person(s) answering or assisting in answering these interrogatories.

2. To the extent it is your contention that Plaintiff has not complied with the terms of the policy which forms the basis of this suit, please set forth each and every factual basis which supports that contention.

3. Please specifically identify the names, phone numbers, addresses and job titles of each and every Allstate employees and/or agents who handled, investigated or dealt with Plaintiff's claim setting forth the role of each person in the claims process.

4. State the procedures you relied upon and the criteria utilized by you to investigate the Claim, and describe what you did to investigate the Claim.

5. Please set forth in detail each and every payment made to Plaintiff by you for damage caused by the Storm pursuant to the terms of the Policy.

6. During the handling of the Claim, what did you believe was a fair settlement figure for Plaintiff's Claim? Please state in detail when and how you arrived at such figure and identify the persons involved in arriving at such figure. State in detail why this amount was not offered and state who decided not to make that offer and when this was decided.

7. With respect to the Claim, if you contend, you fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, then describe the factual bases for such contention.

8. With respect to the Claim, if you contend you fully complied with complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, then describe the factual bases for such contention

9. If you or your attorneys, acting in your behalf, have entered into any contract, agreement, or understanding (including guarantee agreements, indemnity agreements, hold harmless agreements, or any other agreement) with any party or potential party to this lawsuit which settles, compromises or limits the liability of any party to such agreement with regard to the claims of any party to this lawsuit, then describe in detail the terms of such agreements, the names, addresses, and telephone numbers of the parties to such

AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

agreements, and the date such agreements were made.

## XIV.  PRAYER

14.1   **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that on final trial judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and Punitive Damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorney's fees;

8) Costs of suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

Respectfully submitted,

**THE AMARO LAW FIRM**

R. James Amaro
SBN: 24036134
Donivan Flowers
SBN: 24045882
Kara L. Kellogg
SBN: 24029659
2500 E TC Jester Boulevard, Suite 525
Houston, Texas 77008
713.864-1941  tel.
713.864-1942  fax
fax@amarolawfirm.com

**ATTORNEYS FOR PLAINTIFF**



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

| **CLERK OF THE COURT** | **ATTORNEY FOR PLAINTIFF OR PLAINTIFF** |
|---|---|
| LOIS ROGERS<br>District Clerk<br>100 N. BROADWAY STE 204<br>Tyler, Texas  75702<br>(903) 590-1660 | R. James Amaro<br><br>2500 E TC Jester BLVD STE 525<br>Houston TX 77008<br>713/864-1941 |





## CAUSE NO. 16-0623-A

### THE STATE OF TEXAS
### CITATION FOR PERSONAL SERVICE

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by ten o'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

| TO: | **WENDEL SCOTT WOMACK- - - RESPONDENT**<br>**321 Rita Drive, Lindale, Texas 75771** |
|---|---|

**GREETINGS:** You are hereby commanded to appear before the **7th District Court** of Smith County, Texas, to be held at the Courthouse of said County in the City of Tyler, Smith County, Texas, by filing a written answer to **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** at or before ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** a copy of which accompanies this citation in Cause Number **16-0623-A** , filed on the docket of said Court **ON THIS THE 22ND DAY OF MARCH, 2016**,  and styled,

**Stephen Cooper, Julie Cooper vs. Metropolitan Lloyds Insurance Company of Texas, Wendel Scott Womack**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Tyler, Texas, this date: **March 22, 2016**

**ATTEST: LOIS ROGERS, DISTRICT CLERK**

**CLERK OF THE COURT**
**LOIS ROGERS**



100 N. Broadway
Smith County Courthouse, Room 204
Tyler, Texas  75702

SMITH COUNTY, TEXAS
By: *Mary Pyle* Deputy
   **Mary Pyle**



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

## CAUSE NO. 16-0623-A

## S E R V I C E   O F   C I T A T I O N   R E T U R N

Came to hand on the _____ day of _____, 20___, at _____ o'clock __.M. and, executed at _____, _____ County, Texas, on the _____ day of _____, 20___ at _____ o'clock __.M., by delivering to the within-named respondent, **WENDEL SCOTT WOMACK** in person, a true copy of this Citation, together with the accompanying copy of **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** having first attached such copy of such **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** to such copy of citation and endorsed on such copy of citation the date of delivery.

Not executed as to the within-named Respondent, **WENDEL SCOTT WOMACK.**
Due diligence used by officer or authorized person: _____ and the cause of failure to execute this process is:_____ and the information received as to the whereabouts of the said Respondent, being:

_____.

To certify which witness my hand officially:

FEES - Serving _____ copy(ies): $_____

                                   SHERIFF/PROCESS SERVER
            TOTAL: $_____   _____County, Texas

                             BY: _____
                                       Deputy/Process Server

## COMPLETE IF YOUR ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of_____, on the _____ day of _____.

                        _____Declarant/Authorized Process Server

                              _____(Id # & expiration of certification)



CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF OR PLAINTIFF |
|---|---|
| LOIS ROGERS<br>District Clerk<br>100 N. BROADWAY STE 204<br>Tyler, Texas  75702<br>(903)  590-1660 | R. James Amaro<br><br>2500 E TC Jester BLVD STE 525<br>Houston TX  77008<br>713-864-1941 |



### CAUSE NO.  16-0623-A

## THE STATE OF TEXAS
### CITATION FOR PERSONAL SERVICE



**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by ten o'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**T0:     METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS- - - RESPONDENT
        REg. Agent – CT Corporation, 1999 Bryan St., Ste. 900, Dallas, Tx. 75201**

**GREETINGS:** You are hereby commanded to appear before the **7th District Court** of Smith County, Texas, to be held at the Courthouse of said County in the City of Tyler, Smith County, Texas, by filing a written answer to **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** at or before ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** a copy of  which accompanies this citation in Cause Number **16-0623-A** , filed on the docket of said Court **ON THIS THE 22ND DAY OF MARCH, 2016,** and styled,

**Stephen Cooper, Julie Cooper vs. Metropolitan Lloyds Insurance Company of Texas, Wendel Scott Womack**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at Tyler, Texas, this date:  **March 22, 2016**

**ATTEST: LOIS ROGERS, DISTRICT CLERK**

**CLERK OF THE COURT**
**LOIS ROGERS**



100 N. Broadway
Smith County Courthouse, Room 204
Tyler, Texas  75702

SMITH COUNTY, TEXAS
By: *Mary Pyle* Deputy
    **Mary Pyle**



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

CAUSE NO. 16-0623-A

## S E R V I C E   O F   C I T A T I O N   R E T U R N

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___.M. and, executed at _____, _____ o'clock ___.M., by delivering to the within-named respondent, **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS** in person, a true copy of this Citation, together with the accompanying copy of **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** having first attached such copy of such **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** to such copy of citation and endorsed on such copy of citation the date of delivery.

Not executed as to the within-named Respondent, **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS.**
Due diligence used by officer or authorized person: _____ and the cause of failure to execute this process is:_____ and the information received as to the whereabouts of the said Respondent,  being:
_____ .

        To certify which witness my hand officially:

FEES - Serving_____ copy(ies): $_____.____

                                              SHERIFF/PROCESS SERVER
                    TOTAL: $_____.____     _____County, Texas

                                         BY:_____
                                                   Deputy/Process Server

## COMPLETE IF YOUR ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
                (First, Middle, Last)
_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of_____, on the _____ day of _____.

                            _____ Declarant/Authorized Process Server

                            _____ (Id # & expiration of certification)

CERTIFIED TO BE A TRUE
AND CORRECT COPY
... THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

03 .132825

Electronically Filed
3/31/2016 12:44:43 PM
Lois Rogers, Smith County District Clerk
Reviewed By: Lana Fields



| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF OR PLAINTIFF |
|---|---|
| LOIS ROGERS | R. James Amaro |
| District Clerk | |
| 100 N. BROADWAY STE 204 | 2500 E TC Jester BLVD STE 525 |
| Tyler, Texas  75702 | Houston TX  77008 |
| (903) 590-1660 | 713/864-1941 |



### CAUSE NO.  16-0623-A

## THE STATE OF TEXAS
### CITATION FOR PERSONAL SERVICE

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by ten o'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

| TO: | WENDEL SCOTT WOMACK- - - RESPONDENT |
|---|---|
| | 321 Rita Drive, Lindale, Texas 75771 |

**GREETINGS:** You are hereby commanded to appear before the **7th District Court** of Smith County, Texas, to be held at the Courthouse of said County in the City of Tyler, Smith County, Texas, by filing a written answer to **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** at or before ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** a copy of   which accompanies this citation in Cause Number **16-0623-A** , filed on the docket of said Court **ON THIS THE 22ND DAY OF MARCH, 2016,**  and styled,

**Stephen Cooper, Julie Cooper vs. Metropolitan Lloyds Insurance Company of Texas, Wendel Scott Womack**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Tyler, Texas, this date:  **March 22, 2016**

**ATTEST:  LOIS ROGERS, DISTRICT CLERK**

**CLERK OF THE COURT**
**LOIS ROGERS**



100 N. Broadway
Smith County Courthouse, Room 204
Tyler, Texas  75702

SMITH COUNTY, TEXAS
By: *Mary Pyle* Deputy
    Mary Pyle



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

CAUSE NO. 16-0623-A

S E R V I C E   O F   C I T A T I O N   R E T U R N

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___.M. and, executed at _____, _____ County, Texas, on the _____ day of _____, 20___ at _____ o'clock ___.M., by delivering to the within-named respondent, WENDEL SCOTT WOMACK in person, a true copy of this Citation, together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES having first attached such copy of such PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7. FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES to such copy of citation and endorsed on such copy of citation the date of delivery.

Not executed as to the within-named Respondent, WENDEL SCOTT WOMACK.
  Due diligence used by officer or authorized person: _____ and the cause of failure to execute this process is:_____ and the information received as to the whereabouts of the said Respondent, being: _____

_____

  To certify which witness my hand officially:

FEES - Serving _____ copy(ies): $_____
                                              SHERIFF/PROCESS SERVER
              TOTAL: $_____    _____County, Texas

                                    BY:_____
                                              Deputy/Process Server

**COMPLETE IF YOUR ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                  (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.


Executed in _____ County, State of_____, on the _____ day of _____.


                              _____Declarant/Authorized Process Server

                              _____(Id # & expiration of certification)


CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

## CAUSE NO. 16-0623-A

**STEPHEN AND JULIE COOPER**

**VS.**

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, ET AL.**

**IN THE 7TH JUDICIAL DISTRICT COURT OF SMITH COUNTY, TEXAS**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _CHERYL WILLIAMSON_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _CHERYL WILLIAMSON_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _PO BOX 212, Fruitvale TX 75127_

(SERVER'S ADDRESS)

2. ON _March 23 2016_ (DATE) AT _1_ : _30_ ( _P_ ) M (TIME) CITATION PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7, FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES came to hand for delivery to WENDEL SCOTT WOMACK.

3. ON _March 23 2016_ (DATE) AT _5_ : _10_ ( _P_ ) M (TIME) - The above named documents were delivered to: WENDEL SCOTT WOMACK at: _321 Rita Drive Lindale, TEXAS 75771_ (ADDRESS), by PERSONAL Service

_Cheryl Williamson_
SIGNATURE
SCH# _3106_ EXPIRATION: _9-30-2016_

_CHERYL WILLIAMSON_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Cheryl Williamson_ appeared on this _24th_ day of _March_, 2016 to attest witness my hand and seal of office.

_Susan E Murre_
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2016.03.132825

SUSAN E MURRE
My Commission Expires
December 9, 2017



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

03.132822

Electronically Filed
3/31/2016 12:43:18 PM
Lois Rogers, Smith County District Clerk
Reviewed By: Lana Fields

**CLERK OF THE COURT**

LOIS ROGERS
District Clerk
100 N. BROADWAY STE 204
Tyler, Texas  75702
(903) 590-1660

**ATTORNEY FOR PLAINTIFF OR PLAINTIFF**

R. James Amaro

2500 E TC Jester BLVD STE 525
Houston TX 77008
713-864-1941



### CAUSE NO. 16-0623-A

### THE STATE OF TEXAS
### CITATION FOR PERSONAL SERVICE



**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by ten o'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**TO:    METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS--- RESPONDENT**
**REg. Agent – CT Corporation, 1999 Bryan St., Ste. 900, Dallas, Tx. 75201**

**GREETINGS:** You are hereby commanded to appear before the 7th District Court of Smith County, Texas, to be held at the Courthouse of said County in the City of Tyler, Smith County, Texas, by filing a written answer to PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7, FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES at or before ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7, FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES a copy of  which accompanies this citation in Cause Number 16-0623-A , filed on the docket of said Court ON THIS THE 22ND DAY OF MARCH, 2016, and styled,

Stephen Cooper, Julie Cooper vs. Metropolitan Lloyds Insurance Company of Texas, Wendel Scott Womack

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at Tyler, Texas, this date:  March 22, 2016

**ATTEST:  LOIS ROGERS, DISTRICT CLERK**

**CLERK OF THE COURT**
**LOIS ROGERS**



100 N. Broadway
Smith County Courthouse, Room 204
Tyler, Texas  75702

SMITH COUNTY, TEXAS
By: *Mary Pyle* Deputy
    Mary Pyle



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

**CAUSE NO. 16-0623-A**

<u>S E R V I C E   O F   C I T A T I O N   R E T U R N</u>

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___.M. and, executed at
20___ at _____, o'clock ___.M., by delivering to the within-named respondent, **METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS** in person, a true copy of this Citation, together with the accompanying copy of **PLAINTIFF'S**
**ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7, FIRST**
**REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** having first attached such copy of such
**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7,**
**FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** to such copy of citation and endorsed on
such copy of citation the date of delivery.

Not executed as to the within-named Respondent, **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS**.
Due diligence used by officer or authorized person: _____ and the cause of failure to
execute this process is:_____ and the information received as to the whereabouts of
the said Respondent, being:_____

_____

To certify which witness my hand officially:

FEES - Serving _____ copy(ies):  $_____

             TOTAL:  $_____     SHERIFF/PROCESS SERVER

                                _____County, Texas

                              BY:_____
                                      Deputy/Process Server

<u>**COMPLETE IF YOUR ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**</u>

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
            (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of_____, on the _____day of_____

                       _____Declarant/Authorized Process Server

                       _____(Id # & expiration of certification)



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

## CAUSE NO. 16-0623-A

**STEPHEN AND JULIE COOPER**
**VS.**

**IN THE 7TH JUDICIAL DISTRICT COURT OF SMITH COUNTY, TEXAS**

**METROPOLITAN LLOYDS**
**INSURANCE COMPANY OF**
**TEXAS, ET AL.**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _____**Guy C. Connelly**_____ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _____**Guy C. Connelly**_____ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON __3/24/16__ (DATE) AT __10:00__ ( _A_ ) M (TIME) CITATION PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, JURY DEMAND AND NOTICE OF RULE 193.7, FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES came to hand for delivery to METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS---RESPONDENT REG. AGENT-CT CORPORATION.

3. ON __3/24/16__ (DATE) AT __1:25__ ( _P_ ) M (TIME) - The above named documents were delivered to: METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS---RESPONDENT REG. AGENT-CT CORPORATION by delivering to

__TERI THONGSAVAT P.S.__

(NAME AND TITLE), authorized agent for service @

__1999 BRYAN SUITE 900, DALLAS, TX 75201__

(ADDRESS), by CORPORATE Service

SIGNATURE
SCH# __2201__  EXPIRATION: __9/30/18__

**Guy C. Connelly**

AFFIANT PRINTED NAME

**SWORN TO AND SUBSCRIBED** before me by **Guy C. Connelly** _____ appeared on this __24__ day of __MARCH__, 2016 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**

ANNA M CONNELLY
My Commission Expires
March 1, 2019

2016.03.132822



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

Electronically Filed
4/18/2016 9:52:21 AM
Lois Rogers, Smith County District Clerk
Reviewed By: Lana Fields

CAUSE NO. 16-0623-A

| | | |
|---|---|---|
| STEPHEN and JULIE COOPER | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | SMITH COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND WENDEL SCOTT WOMACK | § | |
| | § | |
| **Defendant** | § | 7TH JUDICIAL DISTRICT |

---

### DEFENDANT'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Metropolitan Lloyds Insurance Company of Texas files its Original Answer and respectfully shows the Court the following:

### I.
### ORIGINAL ANSWER

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiffs' Original Petition, and since they are allegations of fact, Plaintiffs should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

### II.
### CONCLUSION AND PRAYER

2.1    Wherefore, premises considered, Defendant prays that Plaintiffs take nothing by their suit, and for such other further relief to which Defendant may show itself justly entitled.

DEFENDANT'S ORIGINAL ANSWER – PAGE 1

2408003v1
04111.040



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

Respectfully Submitted,


/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com

**COUNSEL FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**


## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, I served the following document on counsel via electronic notice and/or certified mail, return receipt requested and/or facsimile:

R. James Amaro
Donivan Flowers
Kara L. Kellogg
THE AMARO LAW FIRM.
2500 E TC Jester Boulevard, Suite 525
Houston, Texas 77008
Telephone:  (713) 864-1941
Facsimile:  (830) 776-7004
Email:  fax@amarolawfirm.com
*Attorneys for Plaintiffs*


/s/Daniel P. Buechler
Daniel P. Buechler

2408003v1
04111.040



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

Electronically Filed
4/18/2016 9:52:21 AM
Lois Rogers, Smith County District Clerk
Reviewed By: Lana Fields

CAUSE NO. 16-0623-A

| | | |
|---|---|---|
| STEPHEN and JULIE COOPER | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | SMITH COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND WENDEL SCOTT WOMACK | § | |
| | § | |
| Defendant | § | 7TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Wendel Scott Womack files his Original Answer and respectfully shows the Court the following:

### I.
### ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiffs' Original Petition, and since they are allegations of fact, Plaintiffs should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

### II.
### CONCLUSION AND PRAYER

2.1     Wherefore, premises considered, Defendant prays that Plaintiffs take nothing by their suit, and for such other further relief to which Defendant may show his self justly entitled.

DEFENDANT'S ORIGINAL ANSWER – PAGE 1

2408025v1
04111040



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

Respectfully Submitted,

/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com

**COUNSEL FOR DEFENDANT
WENDAL SCOTT WOMACK**

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, I served the following document on counsel via electronic notice and/or certified mail, return receipt requested and/or facsimile:

R. James Amaro
Donivan Flowers
Kara L. Kellogg
THE AMARO LAW FIRM.
2500 E TC Jester Boulevard, Suite 525
Houston, Texas 77008
Telephone:  (713) 864-1941
Facsimile:  (830) 776-7004
Email:  fax@amarolawfirm.com
*Attorneys for Plaintiffs*

/s/Daniel P. Buechler
Daniel P. Buechler

**DEFENDANT'S ORIGINAL ANSWER – PAGE 2**

2408025v1
04111.040


CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE